IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | SA-17-CR-00391-XR |
| vs. | § § § | |
| (1) RAUL RAMOS, | § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Defendant's Motion to the Court to Issue an Order to § 3006(a) Appointed Attorney to Send Any and All Legal Documents to Defendant Mr. Ramos [#2279], which was referred to the undersigned for disposition on December 1, 2021. By his motion, Defendant asks the Court to order Defendant's former attorney, Jorge G. Aristotelidis, to send him various documents from this case, including the presentence investigation report prepared for sentencing, the plea agreement, and the transcript from his sentencing hearing. The Court will deny the motion.

The record reflects that the District Court has entered various protective orders in this case, which prohibit the relief requested in Defendant's motion. First, the Court issued a Protective Order prohibiting the "dissemination of any discovery materials to any person, other than the attorneys of record and investigators" due to "the sensitive nature of the discovery material" involved in this case. (Protective Order [#345], at 1.) A second protective order prohibits the dissemination of any presentence reports or plea agreements to Defendant. (Protective Order [#862], at 1.) A third order similarly prohibits the dissemination of transcripts

1

and other documents. (Protective Order [#1107], at 1.) These Protective Orders survive the conclusion of criminal proceedings and therefore remain in place. (*Id.*, at 2.)

Additionally, it is unclear for what purpose Defendant is seeking these documents. Defendant filed a *pro se* notice of appeal [#2314] on December 10, 2021, in which he asserts that Mr. Aristotelidis failed to ask him if he wanted to appeal and that the sentencing judge violated the Rules of Federal Criminal Procedure regarding errors that occurred at the plea and sentencing hearings. Yet, Mr. Aristotelidis did file a direct appeal on Defendant's behalf, as well as a petition for *certiorari* before the United States Supreme Court, which was denied on October 4, 2021. Defendant's appeal has therefore already been filed and has concluded. If Defendant is attempting to challenge his sentence, his only possible avenue for redress is to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, not by filing a second notice of appeal. The form for filing a § 2255 petition is available at the Western District of Texas website at the following link: https://www.txwd.uscourts.gov/wp-content/uploads/Forms/Criminal/Motion%20to%20Vacate,%20Set%20Aside,%20or%20Correct%20a%20Sentence%20by%20a%20Person%20in%20Federal%20Custody%20(Motion%20Under%2028%20USC%202255).pdf (last visited Dec. 17, 2021). If Defendant no longer wishes to attempt a second direct appeal, he may withdraw his notice of appeal.

**IT IS THEREFORE ORDERED** that Defendant's Motion to the Court to Issue an Order to § 3006(a) Appointed Attorney to Send Any and All Legal Documents to Defendant Mr. Ramos [#2279] is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 20th day of December, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE